IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ANDREW DENNIS HAMMOND, JR., <br><br> Plaintiff, <br><br> v. <br><br> GREGORY C. DOZIER, et al., in their official capacities, <br><br> Defendants. | CIVIL ACTION NO.: 6:18-cv-118 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is presently incarcerated at Telfair State Prison in Helena, Georgia, brings this action under 42 U.S.C. § 1983, the Universal Declaration of Human Rights, and the Georgia Constitution, alleging violations of his religious rights while an inmate at Jenkins Correctional Center in Millen, Georgia.  Doc. 9.[1]  For the reasons below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Amended Complaint in its entirety and **DENY as moot** Plaintiff's request for injunctive relief.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

---

[1] Plaintiff filed his Complaint on November 26, 2018.  However, on February 11, 2019, Plaintiff filed an Amended Complaint pursuant to Court Order.  Docs. 8, 9.  Plaintiff's initial Complaint had not yet been served on any Defendants, and none of the Defendants have filed any responsive pleading which would join them to the case; thus, Plaintiff may amend as a matter of right.  Fed. R. Civ. P. 15(a); Oliver v. Fuhrman, 695 F. App'x 436, 439 (11th Cir. 2017) (citing Brown v. Johnson, 387 F.3d 1344, 1348–49 (11th Cir. 2004)).  Therefore, Plaintiff's Amended Complaint is the operative Complaint.

## BACKGROUND[2]

Plaintiff has brought this lawsuit seeking redress for alleged violations of his religious rights.  Doc. 9.  Plaintiff alleges on August 29, 2018, he alerted Defendant Adams and Warden Jordan he was practicing his religious beliefs as a Rafastarian by growing out his hair.  Doc. 9 at 5–6.  Additionally, at some point, Plaintiff filed a "special religious request."  Doc. 9-1 at 1.  The request was denied by multiple persons, but Plaintiff contends it was not considered by the Georgia Department of Corrections or the Commissioner.  Id.  On October 30, 2018, Unit Manager Eady approached Plaintiff and ordered him to cut off his dreadlocks, in violation of his religious beliefs.  Id.  Plaintiff refused, and Eady placed him in segregation.  Id.; Doc. 9 at 5.  Between October 30 and December 12, 2018, various Jenkins Correctional Center officials harassed Plaintiff by writing disciplinary reports for his refusal to cut his dreadlocks.  The harassment and disciplinary reports resulted in Plaintiff missing over 225 days of store, package, and phone privileges.  Doc. 9 at 5.  On December 12, 2018, Defendant Adams removed Plaintiff from his cell and sprayed him with a toxic chemical, which burned his eyes and made breathing difficult.  Id.; Doc. 9-1 at 1–2.  Then, Defendant Lawrence cut Plaintiff's hair while handcuffed and with another unnamed individual holding Plaintiff still.  Doc. 9-1 at 2.

Plaintiff seeks relief in the form of being allowed to grow his dreadlocks, $2 million in damages stemming from his store, package, and phone restrictions, and the physical abuse of being forced into segregation for over 60 days and being forced to cut his dreadlocks.  Doc. 9 at 5.  Plaintiff is suing Defendant Adams and Lawrence, who are mentioned above, as well as Defendant Gregory C. Dozier, the Commissioner of the Georgia Department of Corrections, and Defendant Hininger, the President of CoreCivic.  Id. at 2–3.  Plaintiff is suing all Defendants

---

[2]  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

only in their official capacities.  Id.  Plaintiff alleges his religious rights were violated under the Universal Declaration of Human Rights, the United States Constitution, and the Georgia Constitution.  Id. at 3.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.    Official Capacity Claims**

Plaintiff is suing Defendants Dozier, Adams, and Lawrence in their official capacities for monetary damages. Doc. 9 at 2–3. Defendants Dozier, Adams, and Lawrence are all prison officials at Jenkins Correctional Center. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Jenkins Correctional Center.[3] The Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

---

[3]    Though Jenkins Correctional Center is owned by CoreCivic, Inc. is a private entity, prison contractors are considered state actors. Therefore, CoreCivic is subject to suit under § 1983. See Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003).

## II.     Universal Declaration of Human Rights Claims

Plaintiff seeks to sue Defendants under the Universal Declaration of Human Rights. Doc. 9 at 3.  The Eleventh Circuit Court of Appeals has held a plaintiff cannot base his § 1983 action on a violation of the Universal Declaration of Human Rights.  See Moore v. McLaughlin, 569 F. App'x 656, 660 (11th Cir. 2014).  "[I]n order to prevail in a Section 1983 action, a plaintiff must show that he was deprived of a federal right."  Id.; see also 42 U.S.C. § 1983 (providing cause of action for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws.").  "The rights secured by the [Universal Declaration of Human Rights] are not federal rights."  Moore, 569 F. App'x at 660; Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004) ("[The Universal Declaration of Human Rights] does not of its own force impose obligations as a matter of international law.").  Accordingly, Plaintiff's claims based on the alleged violation of the Universal Declaration of Human Rights fail under 42 U.S.C. § 1983, and I, therefore, **RECOMMEND** the Court **DISMISS** such claims.

## III.    Georgia Constitution Claims

Plaintiff alleges Defendants violated his rights under the Georgia Constitution, specifically referring to the following provision: "Each person has the natural and inalienable right to worship God, each according to the dictates of that person's own conscience; and no human authority should, in any case, control or interfere with such right of conscience." Paragraph III. Freedom of conscience, GA CONST. Art. 1, § 1, ¶ III.

The Court, in reviewing this claim, has found no authority allowing a plaintiff to bring a private cause of action under the Georgia Constitution.  Rather, the authority indicates there is no such right.  See Howard v. Miller, 476 S.E.2d 636, 639 (Ga. Ct. App. 1996) ("[Georgia has] no equivalent to 42 U.S.C. § 1983, which gives a claim against a state officer individually for

5

certain unconstitutional acts."); Davis v. Standifer, 621 S.E.2d 852, 855 (Ga. Ct. App. 2005) ("Even where the plaintiff alleges a state constitutional violation, if the 'underlying conduct complained of is tortious' and occurred within the scope of the state employee's official duties, the employee is protected by official immunity under the [Georgia Tort Claims Act]."); Draper v. Reynolds, 629 S.E.2d 476, 478 n.2 (Ga. Ct. App. 2006) ("Georgia does not have an equivalent to 42 U.S.C. § 1983 . . . ."). Howard, 476 S.E.2d at 639 ("We have no equivalent to 42 U.S.C. § 1983, which gives a claim against a state officer individually for certain unconstitutional acts."); see also O.C.G.A. § 50-21-23 ("The state does not waive any immunity with respect to actions brought in the courts of the United States.")  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Georgia Constitution claims.

## IV. Plaintiff's Due Process Claims

Plaintiff contends his placement in isolation for wearing dreadlocks violated his due process rights.  Doc. 9 at 3.  A prisoner claiming a violation of a protected liberty interest arising out of his confinement in punitive segregation may trigger due process requirements, if the placement: (1) will inevitably affect the duration of his sentence; or (2) imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Sandin v. Conner, 515 U.S. 472, 484–87 (1995).  Both the period of time and the severity of the hardships must be taken into consideration.  Magluta v. Samples, 375 F.3d 1269, 1282 (11th Cir. 2004).

In this case, Plaintiff fails to allege this placement in segregation affected the duration of his sentence, and he also fails to allege any facts indicating his placement in segregation imposed an atypical and significant hardship on him in relation to ordinary prison life.  Further, he has not elaborated on how he received constitutionally inadequate process.  Jackson v. Brewton, 595 F. App'x 939, 942–43 (11th Cir. 2014) (Plaintiff, who was in administrative segregation for over

6

365 days, failed to state a due process claim.).  As a result, Plaintiff fails to state a due process claim based on his placement in segregation, and I **RECOMMEND** the Court **DISMISS** Plaintiff's due process claims against Defendants.

## V.  Claims Against Defendants Hininger and Dozier

Plaintiff names Defendants Hininger and Dozier in his suit.  The Eleventh Circuit has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Plaintiff purports to sue Defendants Hininger and Dozier for implementing a policy concerning the length of an inmate's hair, doc. 9 at 4, but also acknowledges a process exists to request a religious exemption to the hair length policy, doc. 9-1 at 1.  Further, Plaintiff alleges Defendant Dozier never received his special religious request.  Id.  Defendant Hininger is identified as the President of CoreCivic, doc. 9 at 2, and there is no indication he was ever made aware of Plaintiff's request.  Thus, the facts as alleged do not indicate Defendants Hiniger or Dozier violated Plaintiff's rights; rather, the policy Defendants implemented allows for a religious exemption to accommodate Plaintiff's constitutional rights.

To the extent Plaintiff seeks to hold Defendants Hininger and Dozier liable for the acts of their subordinates without alleging any personal involvement, his claim fails.  "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'"  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994)).  To hold a supervisory official or an employer

liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. at 193 F.3d at 1269 (11th Cir. 1999) (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged Defendants Hininger and Dozier participated in the events forming the basis of any of Plaintiff's claims, and Plaintiff has not proffered any reason to support the conclusion Defendants violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Hininger and Dozier and the asserted constitutional violations. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Here, Plaintiff by his own admission, states Defendant Dozier did not receive his special religious request and makes no further allegations regarding Defendant Hininger. Doc. 9-1 at 1. Plaintiff has not made the necessary showing with respect to Defendants Dozier and Hininger. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Hininger and Dozier.

## VI.     Plaintiff's Claim for Injunctive Relief is Moot

In Plaintiff's Amended Complaint, he requests Defendants be ordered to allow him to grow his dreadlocks.  Doc. 9 at 5.  Plaintiff filed his Amended Complaint while at Jenkins Correctional Center, and he alleges all events related to his claim took place there.  Doc. 9.  However, Plaintiff notified the Court on November 11, 2018 of a change of address.  Doc. 18.  Plaintiff was transferred to Telfair State Prison.  Id.

An inmate's claim for declaratory or injunctive relief regarding a condition of confinement is "subject to dismissal for mootness when that inmate is transferred to another prison and is no longer subject to the condition" for which the declaratory or injunctive relief is sought.  Govereh v. Johns, No. 5:17-CV-62, 2017 WL 4819385, at *2 n.1 (S.D. Ga. Oct. 25, 2017); see also Owens v. Sec'y, Fla. Dep't of Corr., 602 F. App'x 475, 476–77 (11th Cir. 2015); Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (finding the mere possibility plaintiff "might again be transferred" to the same institution is "too speculative" to avoid mootness); Smith v. Allen, 502 F.3d 1255, 1267 (2007) ("The general rule in [the Eleventh] [C]ircuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." (citing McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984))).  Accordingly, I **RECOMMEND** the Court **DENY as moot** Plaintiff's request for injunctive relief.

## VII.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons laid out above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Amended Complaint in its entirety and **DENY as moot** Plaintiff's request for injunctive relief.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate

10

Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA